UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-60922-BLOOM/Valle

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CRAIG TOLL, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendants Craig and Regina Toll's (collectively, "Defendants") Motion to Dismiss Amended Foreclosure Complaint, ECF No. [19] (the "Motion"). The Court has reviewed the Motion, all supporting and opposing filings, the record in this case, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is denied.

### I. BACKGROUND

On July 12, 2013 Craig Toll was found guilty in Case No. 12-20901-CR-Dimitrouleas (S.D. Fla.) of conspiracy to commit wire fraud, wire fraud, major fraud against the United States, false statements and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1349, 1343, 1031(a), 1001(3) and 1956(h). *See* ECF Nos. [14] ¶ 6 ("Amended Complaint"); [14-1][1] ("Criminal Judgment"). On September 20, 2013, Defendant, Craig Toll was sentenced to 48

---

[1] The Court considers the attached criminal judgment and other pertinent documents in addressing Defendants' Motion to Dismiss as the Government refers to said documents in the Amended Complaint, and the Court finds the documents undisputed and central to the Government's claims. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005).

months imprisonment, and ordered to pay restitution in the amount of $3,300,000.00, plus statutory interest pursuant to 18 U.S.C. § 3612. *See id*. On November 14, 2013, United States Plaintiff (the "Government") recorded a Notice of Lien for Fine and/or Restitution Imposed pursuant to the Sentencing Reform Act of 1984 in Official Records Book 4983, Page 3044 of the Public Records of Collier County, Florida. *See* Amended Complaint ¶ 8; ECF No. [14-2]. On April 26, 2016 and as amended on July 13, 2016, the Government filed the instant lawsuit to foreclose its criminal restitution judgment lien against the real property located at 600 Neapolitan Way, #145, Naples, FL 34103, property Defendant Craig Toll co-owns with his wife, Defendant Regina Toll. *See* Amended Complaint ¶ 4. Defendants filed the instant Motion to Dismiss on August 2, 2016, arguing that the Amended Complaint must be dismissed with prejudice due to a litany of pleading deficiencies. *See* ECF No. [19]. The Government's Response, and Defendants' Reply, timely followed. *See* ECF Nos. [20]; [28].

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are

required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro*, 693 F.3d at 1337; *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

"On a Rule 12(b)(6) motion to dismiss, '[t]he moving party bears the burden to show that the complaint should be dismissed.'" *Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) (quoting *Mendez–Arriola v. White Wilson Med. Ctr. PA*, 2010 WL 3385356, at *3 (N.D. Fla. Aug. 25, 2010)). "The movant must support its arguments for dismissal with citations to legal authority." *Id.* (citing S.D. Fla. L. R. 7.1(a)(1)). "Where a defendant seeking

3

dismissal of a complaint under Rule 12(b)(6) does not provide legal authority in support of its arguments, it has failed to satisfy its burden of establishing its entitlement to dismissal." *Id.* (citing *Super. Energy Servs., LLC v. Boconco, Inc.*, 2010 WL 1267173, at *5-6 (S.D. Ala. Mar. 26, 2010) and *United States v. Vernon*, 108 F.R.D. 741, 742 (S.D. Fla. 1986)).

**III.   DISCUSSION**

Defendants move this Court to dismiss the Amended Complaint under Rule 12(b)(6), but have not clearly stated the elements they believe the Government must allege in order to state a claim for foreclosure of a criminal restitution lien against real property.  Defendants have also failed to provide the Court with a single case in which a court dismissed a comparable complaint on account of the pleading deficiencies Defendants allege in their Motion.  Unconcerned, Defendants argue that the Court must dismiss the Government's Amended Complaint with prejudice as a matter of law.  However, in order to adjudicate any Rule 12(b)(6) motion, a court must first determine the elements necessary for a plaintiff's claim, and as Defendants have largely neglected their duty to provide the Court with guidance, the Court turns to the Government's Response.

The Criminal Judgment held Defendant Craig Toll jointly and severally liable for restitution in the amount of $3,300,000 (plus interest).  *See* Criminal Judgment at 5.  The Government brings this action pursuant to 28 U.S.C. §§ 2001-2003 and 18 U.S.C. §§ 3613 and 3664 to foreclose a criminal restitution judgment lien.  *See* Amended Complaint ¶¶ 1-2. 18 U.S.C. § 3664 provides that the United States may enforce an order of restitution in the manner provided for in subchapter C of chapter 227 (18 U.S.C. §§ 3571–3574) and subchapter B of chapter 229 of Title 18 (18 U.S.C. §§ 3611–3615), or by all other available and reasonable means.  *See* 18 U.S.C. § 3664(m)(1)(A)(i)-(ii); *see also United States v. Ernst*, 2010 WL

3746950, at *2 (M.D. Fla. Sept. 21, 2010).  The Government seeks to utilize § 3613, entitled "Civil remedies for satisfaction of an unpaid fine," a section additionally "available to the United States for the enforcement of an order of restitution."  18 U.S.C. § 3613(f); *see Ernst*, 2010 WL 3746950, at *2.  Section 3613(c) provides that "an order of restitution made pursuant to section[] . . . 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986."  As explained by the Fifth Circuit Court of Appeals, "a claim based on a general federal tax lien" must allege: (1) the date the Government assessed the tax; (2) that the government gave notice of the assessment, demanded payment, and filed notice of the lien with the proper authority; and (3) that the government seeks foreclosure of its federal tax lien.  *See United States v. Blakeman*, 997 F.2d 1084, 1089 (5th Cir. 1992), *opinion withdrawn in part on reh'g sub nom. United States v. Blakeman ex rel. Blakeman* (5th Cir. July 28, 1993); *see also Johansen v. United States*, 392 F. Supp. 2d 56, 62 (D. Mass. 2005), *aff'd*, 506 F.3d 65 (1st Cir. 2007).  Such a complaint must "put defendants on notice that the government [is] seeking foreclosure."  *Blakeman*, 997 F.2d at 1089.

The Court finds that the Amended Complaint properly puts Defendants on notice that the Government seeks to foreclose a criminal restitution lien against their real property.  Pertinently, the Amended Complaint: (1) states the date the judgment lien was assessed; (2) provides that the Government gave notice of the assessment, made a demand upon Craig Toll, and filed notice in the public records of Collier County, Florida; and (3) that the Government seeks to foreclose the restitution lien.  *See* Amended Complaint ¶¶ 6-11.  Defendants have not provided the Court with any authority that requires alternative or additional elements to state a claim for foreclosure of a restitution lien, arguing instead that the Amended Complaint fails due to a hodgepodge of

5

purported pleading deficiencies. The Court finds that the Amended Complaint satisfies the above pleading standard and Defendants' additional pleading proposals are not required.

Defendants assert that the Amended Complaint must be dismissed because the Government (1) did not seek a forfeiture judgment in the underlying criminal proceedings and thus cannot foreclose its judgment lien, and cannot (2) enforce a restitution lien against a person not subject to a fine greater than 25% of earned income. Defendants additionally argue that the Amended Complaint fatally fails to (3) allege the amount of restitution recovered from Craig Toll's co-defendant, Claudio Osorio; (4) allege what steps have been taken to recover restitution from Mr. Osorio; (5) attach any documentation which reflects the current amount of the debt; or (6) allege Craig Toll's non-exempt interest in the property subject to the Amended Complaint. Finally, Defendants argue that (7) venue is improper because the subject property is situated in the Middle District of Florida.

18 U.S.C. § 3664 provides that the United States may enforce an order of restitution in the manner sought by the Government in this case, or "by all other available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i)-(ii). While § 3664(f)(2)(A) does indeed require that a criminal court "specify in the restitution order the manner in which . . . the restitution is to be paid, in consideration of . . . the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled," Craig Toll's Criminal Judgment explicitly states that the payments ordered "do not preclude the government from using other assets or income of the defendant to satisfy the restitution obligations." Criminal Judgment at 5. The instant action, therefore, is consistent with the applicable law and the criminal court's judgment, regardless of whether the Government sought a forfeiture judgment in the underlying criminal proceedings. Accordingly, Defendants' first argument fails.

Defendants' second argument is also unavailing. The Government brings this action under 18 U.S.C. § 3613, which, while applicable to "unpaid fine[s]" per its title, is also "available to the United States for the enforcement of an order of restitution." 18 U.S.C. § 3613(f); *see Ernst*, 2010 WL 3746950, at *2. Whether or not the criminal court explicitly fined Craig Toll, therefore, is of no consequence. More to the point, Defendants' argument that the FDCPA (28 U.S.C. § 3205) and the Consumer Credit Protection Act ("CCPA") (15 U.S.C. § 1673) preclude the instant cause of action against either Defendant misstates the relief the Government seeks. 18 U.S.C. § 3613(a) lists three limitations on the United States' ability to enforce a judgment against "property or rights to property of the person fined":

(1) property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 shall be exempt from enforcement of the judgment under Federal law;

(2) section 3014 of chapter 176 of title 28 shall not apply to enforcement under Federal law; and

(3) the provisions of section 303 of the Consumer Credit Protection Act [CCPA] (15 U.S.C. 1673) shall apply to enforcement of the judgment.

Defendants do not argue that exceptions one or two apply, but do claim that the CCPA's restriction of "garnishment to twenty-five percent of a debtor's weekly disposable earnings" prevents the Government from foreclosing on Defendants' real property. ECF No. [19] at 4 (quoting *Ernst*, 2010 WL 3746950, at *3 (citing 15 U.S.C. § 1673(a)). Section 1673(a) of the CCPA, however, applies to *garnishments*, which the CCPA defines as "any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt." 15 U.S.C. § 1672(c). The Government does not seek a writ of garnishment against Defendants or otherwise asserts claims to withhold their earnings. Rather, the Government seeks to foreclose on its restitution lien of Defendants' real property pursuant to 18 U.S.C. §§ 3613 and

3664. Accordingly, the twenty-five percent limitation at 15 U.S.C. § 1673(a) does not preclude the relief requested in the Amended Complaint.

Regarding Defendants' third, fourth, and fifth arguments, Defendants have not provided the Court with any authority requiring the pleading specificity requested. The criminal court found Craig Toll jointly and severally liable with other defendants in the amount of $3,300,000 (plus interest), meaning that Craig Toll is individually liable for that entire amount. *See United States v. Baldwin*, 774 F.3d 711, 729 (11th Cir. 2014), *cert. denied*, 135 S. Ct. 1882 (2015); *see also Borden, Inc. v. Florida East Coast Ry. Co.*, 772 F.2d 750, 753 (11th Cir. 1985) ("Under Florida law, joint tortfeasors are jointly and severally liable for all damages recoverable by the plaintiff."). True, and as the Government acknowledges, Defendant Craig Toll "is credited with any payments made by joint and several co-defendants." ECF No. [20] at 6. The Government, however, need not plead the specific amount owed by Craig Toll in order to state a claim for foreclosure upon his real property pursuant to the restitution lien it holds. Defendants have proper notice of the basis for the Government's intended action, as the Amended Complaint alleges that Craig Toll has so far paid $2,335.60 towards the debt, that the debt remains outstanding, that a lien is recorded to secure said debt, and that the Government intends to foreclose on the lien to partially satisfy the unpaid debt. At this stage of proceedings, nothing more is required.

Defendants' sixth argument, premised on concepts contained in the Fair Debt Collection Procedures Act ("FDCPA"), similarly fails. Even if, as Defendants posit, the FDCPA provides "the exclusive civil procedures for the United States to obtain satisfaction of a judgment in a criminal proceeding that imposes a fine, assessment, penalty, or restitution in favor of the United States," *United States v. Peters*, 783 F.3d 1361, 1363 (11th Cir. 2015) (internal quotations

omitted), the FDCPA itself states that it does not "curtail or limit the right of the United States under any other Federal law or any State law . . . to collect any fine, penalty, assessment, restitution, or forfeiture arising in a criminal case." 28 U.S.C. § 3003(b)(2). Defendants do not argue that the FDCPA precludes the Government's cause of action but, rather, that the FDCPA only subjects to levy a judgment debtor's property in which said debtor has a "substantial nonexempt interest." *See* 28 U.S.C. § 3203(a).[2] While this may be so, Defendants have failed to identify any case, even in the strictly FDCPA context, requiring that a foreclosure complaint allege as an element a debtor's "substantial nonexempt interest" in the specific property. In fact, *United States v. Peters*, relied upon by Defendants, states simply that

> Upon commencing an action to recover property under the FDCPA, the government must prepare, and the clerk of court must issue notice to the judgment debtor with specific statutory language, including notice that a hearing must be requested within 20 days of receiving notice, or the property to be levied upon may be sold and the proceeds applied toward the money owed the government.

783 F.3d at 1363. Accordingly, the Court rejects Defendants' unsupported argument that the FDCPA adds an additional pleading requirement to the Government's cause of action in this case.

Defendants also claim that the Government cannot foreclose upon the subject property because Defendant Craig Toll jointly owns the property with his wife, Defendant Regina Toll, but that only Craig Toll is subject to the judgment lien. However, 18 U.S.C. § 3613(c) provides for a "lien in favor of the United States on all property and *rights to property* of the person fined." (emphasis added). Importantly, the Eleventh Circuit has held that Florida property law, including Florida's homestead exemption, cannot apply against contrary federal law. *See United States v. 817 N.E. 29th Drive, Wilton Manors, Florida*, 175 F.3d 1304, 1311 n.14 (11th Cir.

---

[2] "All property in which the judgment debtor has a substantial nonexempt interest shall be subject to levy pursuant to a writ of execution." 28 U.S.C. § 3203(a).

1999) (federal forfeiture statute covers Florida homestead); *United States v. 3262 Southwest 141 Ave.*, 33 F.3d 1299, 1301 n.6 (11th Cir. 1994) (same); *United States v. Lot 5, Fox Grove, Alachua County, Florida*, 23 F.3d 359, 363 (11th Cir. 1994) (same); *United States v. 18755 North Bay Road*, 13 F.3d 1493, 1498 (11th Cir. 1994) (same). "18 U.S.C. § 3613(a) provides that restitution may be enforced against *all* property, save certain enumerated exemptions, and these exemptions do not include a defendant's home." *United States v. Jaffe*, 314 F. Supp. 2d 216, 227 (S.D.N.Y. 2004), *aff'd*, 417 F.3d 259 (2d Cir. 2005) (emphasis in the original). The Court, therefore, finds that Defendants' marital status does not preclude the Government from bringing a cause of action to foreclose on Craig Toll's rights to the real property. Defendants' arguments, to the extent that they have merit, may be asserted at a later stage in proceedings.

Finally, the Court finds that the Amended Complaint properly pleads venue. The Government states that the subject property is located "in Collier County, Florida within the jurisdiction of this Court," and that Defendants "are residents of Broward County." Amended Complaint ¶¶ 4-5. Defendants counter that in actuality, the property is located in the Middle District of Florida. Motion at 3-4. However, 28 U.S.C. § 1391(b) addresses venue in civil actions, and provides

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Government's allegation that Defendants live in this district is uncontested, and the underlying Criminal Judgment was issued by a court sitting in the Southern District of Florida. Accordingly, the Court finds that venue is satisfied.

**Case No. 16-cv-60922-BLOOM/Valle**

### IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss, **ECF No. [19]**, is **DENIED.** Defendants have until **September 9, 2016** to file an Answer to the Amended Complaint.

**DONE AND ORDERED** in Miami, Florida, this 1st day of September, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of record